Paula D. Pearlman (State Bar No. 109038)
Paula.Pearlman@lls.edu
Shawna L. Parks   (State Bar No. 208301)
Shawna.Parks@lls.edu
Tiffany A. Green (State Bar No. 243573)
Tiffany.Green@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Tel: (213) 736-1031; Fax: (213) 736-1428

Attorneys for Plaintiffs (continued on next page)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

PETER JOHNSON, DONALD
PETERSON and MICHAEL
CURFMAN, on behalf of themselves
and all others similarly situated,

Plaintiffs,

vs.

LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT, a public
entity; LEROY BACA, as Sheriff of
the County of Los Angeles, and
COUNTY OF LOS ANGELES, a
public entity, MICHAEL D.
ANTONOVICH, YVONNE B.
BURKE, DON KNABE, GLORIA
MOLINA, ZEV YAROSLAVSKY, as
Supervisors of the County of Los
Angeles,

Defendants.

Case No.: CV08-03515 PSG

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF FOR
VIOLATIONS OF:**

1. **Americans with Disabilities Act
   (42 U.S.C. § 12131 *et seq.*)**
2. **Section 504 of the Rehabilitation Act
   of 1973 (29 U.S.C. § 794 *et seq.*)**
3. **California Government Code Section
   11135, *et seq.*
4. **Unruh Civil Rights Act (Cal. Civil
   Code §51, *et seq.*)**
5. **Blind and Other Physically Disabled
   Persons Act (Cal. Civil Code § 54, *et
   seq.*)**
6. **California Government Code § 4450,
   *et seq.*
7. **Eighth Amendment (42 U.S.C. §
   1983)**
8. **Fourteenth Amendment (42 U.S.C. §
   1983)**

**CLASS ACTION**

Mark Rosenbaum   (State Bar No. 59940)
mrosenbaum@aclu-sc.org
Melinda Bird      (State Bar No. 102236)
mbird@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Tel: (213) 977-9500 Fax: (213) 250-3980

Dan Stormer       (State Bar No. 101967)
dstormer@hskrr.com
C. Virginia Keeny (State Bar No. 139568)
vkeeny@hskrr.com
Lauren Teukolsky (State Bar No. 211381)
Lauren@hskrr.com
Cornelia Dai       (State Bar No. 207435)
cdai@hskrr.com
Hadsell, Stormer, Keeny, Richardson & Renick, LLP
128 N. Fair Oaks Avenue, Suite 204
Pasadena, California 91103
Tel: (626) 585-9600; Fax: (626) 577-7079

John C. Ulin       (State Bar No. 165524)
john.ulin@hellerehrman.com
Helen Cho Eckert  (State Bar No. 240531)
Helen.Eckert@hellerehrman.com
Amanda N. Walker (State Bar No. 252380)
Amanda.Walker@hellerehrman.com
HELLER EHRMAN LLP
333 South Hope Street
39th Floor
Los Angeles, CA 90071-1406
Tel: (213) 689-0200
Fax: (213) 614-1868

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF

## JURISDICTION AND VENUE

1.     The first two claims alleged herein arise under the Americans with Disabilities Act (42 U.S.C. §§ 12131 et seq.) ("ADA"), and Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. §794 et seq.) ("Section 504"), such that the jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343. Through the same actions and omissions that form the basis of Plaintiffs' federal claims, Defendants have also violated Plaintiffs' rights under state law, over which this Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367. This Court has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202 and Rule 65 of the Federal Rules of Civil Procedure.

2.     Venue over Plaintiffs' claims is proper in the Central District of California because Defendants reside in the Central District of California within the meaning of 28 U.S.C. § 1391, and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Central District of California.

## INTRODUCTION

3.     This lawsuit is brought to address systemic and pervasive discrimination against people with disabilities in the Los Angeles County Jail system. Despite the acute need for accommodations and physical access within the jail environment, the County of Los Angeles and Los Angeles Sheriff's Department currently fail to provide any legally acceptable level of access, services or accommodations for people with disabilities in the jails.

4.     Instead, people with disabilities in the Los Angeles County jails are denied accommodations or provided inadequate accommodations, inappropriately segregated, excluded from jail programs and services, and subjected to multiple and pervasive physical access barriers throughout the facilities. The result is a system that imposes some of the worst conditions on people with disabilities while at the same time excluding them from the most beneficial of programs within the jail. These conditions have dire consequences for people with disabilities.

5.     From the time they are processed at the jail, people with disabilities face myriad discriminatory conditions. For example, at the Inmate Reception Center ("IRC") people with disabilities sit in their own feces for hours or days because there is no accessible bathroom available. Even though everyone entering the jail system passes through the IRC, and many remain there for days, there is not a single accessible toilet at this facility.

6.     Once they are housed, the discriminatory conditions continue. People with disabilities are housed in windowless, decaying facilities that are among the worst in the jail system. Most people with disabilities are kept in their cells 24 hours per day, other than occasional trips to the shower. Inmates with disabilities are regularly denied outdoor exercise, or any exercise at all, for months on end. Physical therapy is not provided to people with disabilities at the jail, no matter how great the need.

7.     People with disabilities are also explicitly denied the opportunity to be trustees, a valued position within the jail. They are also prohibited from participating in most jail programs, including vocational programs, because people with disabilities are housed in segregated settings that do not provide these services.

8.     Even when housed in units purportedly designated for people with disabilities, inmates face pervasive architectural barriers. Many of these units lack required access features, such as grab bars in showers or toilets. As a result, many people with disabilities have fallen and injured themselves while simply trying to take a shower or use the toilet.

9.     Others have had their wheelchairs taken away or are denied the use of a wheelchair despite their obvious or documented need for one.  At best, these inmates use dangerously inadequate alternatives, such as walkers, in an attempt to move around. At worst, inmates must deal with excruciating pain when attempting to walk, crawl on the floor, or simply stay in bed for days, weeks or even months while they are incarcerated.

10.    Those who do receive wheelchairs or other equipment are often given equipment that is in a dangerous state of disrepair. For example, many of the wheelchairs provided within Los Angeles County Jails lack footrests. As a result, inmates' feet drag

1   on the ground, causing them to bruise and making it extremely difficult and dangerous to

2   move to or from the wheelchair. In an attempt to avoid this dangerous situation, those

3   who use these wheelchairs often tie plastic bags across the bottom as a makeshift footrest

4   in an effort to gain leverage and balance.

5       11.    People with disabilities are also subjected to dangerous and difficult conditions

6   when they are transported by the Sheriff's Department to and from the jails. People with

7   disabilities often have their mobility aids taken away when boarding buses and must

8   attempt to steady themselves for fear of falling. Inmates who use wheelchairs are often

9   placed on buses with insufficient space for their wheelchairs. As a result, they must

10   attempt to transfer on to benches without assistance, where they are neither restrained nor

11   secured. In many of these situations, inmates with disabilities fall or nearly fall simply

12   attempting to ride the jail's buses.

13       12.    People with disabilities who rely on medication or other medical supplies, such

14   as catheters, to address their disability needs find that provision of such supplies within

15   the jails is inconsistent at best and nonexistent at worst. Similarly, requested

16   accommodations, such as an extra set of sheets for someone whose disability causes

17   bladder control problems or a bottom bunk assignment for someone with a seizure

18   disorder, are routinely denied. The result is that inmates' conditions become dangerously

19   out of control or exacerbated by lack of necessary supplies and accommodations.

20       13.    These, and many other conditions, result in a system that violates the

21   fundamental rights of people with disabilities within the Los Angeles County Jail system.

22   Plaintiffs thus initiate this suit under Title II of the American with Disabilities Act, 42

23   U.S.C. 12131, et seq. (the "ADA"),  Section 504 of the Rehabilitation Act, 29 U.S.C. §

24   794 (the "Rehabilitation Act"), as well as analogous state statutes alleging that

25   Defendants discriminate against Plaintiffs based on their disabilities, and that Defendants

26   maintain, operate, and control the Los Angeles County Jail System in a manner that

27   violates the rights of people with disabilities under state and federal nondiscrimination

28   statutes.

14.     The County's actions and inactions also clearly demonstrate a deliberate indifference to the needs and rights of people with disabilities within the Los Angeles County jails in violation of their Eighth and Fourteenth Amendment rights. Plaintiffs thus also seek relief under 42 U.S.C. § 1983.

15.     Plaintiffs seek declaratory and injunctive relief pursuant to the above statutes, as well as an award of attorneys' fees and costs under applicable law.

## PARTIES

16.     Plaintiffs are people with disabilities who are housed within Los Angeles County Jail facilities. They bring this lawsuit on behalf of themselves and all present and future inmates and detainees who are or will be housed in the Los Angeles County Jail system, and who, because of their disabilities, have been or will be discriminated against.

17.     Plaintiff Peter Johnson is paraplegic. Plaintiff Johnson is a "qualified person with a disability" within the meaning of all applicable statutes including 42 U.S.C. §12131(2), 29 U.S.C. §705(20)(B), and California Government Code § 12926.

18.     Plaintiff Donald Peterson has diabetes and a significant mobility disability, stemming from the loss of feeling in his right leg and severe pain and substantial mobility limitations in his right arm. Plaintiff Peterson is a "qualified person with a disability" within the meaning of all applicable statutes including 42 U.S.C. §12131(2), 29 U.S.C. §705(20)(B), and California Government Code § 12926.

19.     Plaintiff Michael Curfman has partial paralysis and traumatic brain injury that causes, among other things, a substantial mobility limitation. Plaintiff Curfman is a "qualified person with a disability" within the meaning of all applicable statutes including 42 U.S.C. §12131(2), 29 U.S.C. §705(20)(B), and California Government Code § 12926.

20.     The Plaintiff class consists of all detainees and inmates with physical disabilities and disabling medical conditions who because of those disabilities need appropriate accommodations, modifications, services, and/or physical access in accordance with federal and state disability laws.

21.     Hereafter, references to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class, unless otherwise indicated.

22.     Defendant County of Los Angeles ("County") is a local government entity within the meaning of the Title II of the ADA, and receives federal funding within the meaning of the Rehabilitation Act. The County is responsible for providing the jail facilities and for funding the construction and operations of the Los Angeles jail facilities, including funding to and oversight of Defendant Los Angeles Sheriff's Department ("LASD"). The County also promulgates policies and procedures at these facilities.

23.     Defendant LASD is a local government entity created under the laws of the state of California, and an agency of Defendant County. The LASD is responsible for operating the Los Angeles County Jail facilities, including promulgating policies and procedures at those facilities.

24.     Defendants LASD and County are "persons" subject to suit within the meaning of 42 U.S.C. § 1983 under *Monell v. New York Department of Social Services*, 436 U.S. 658, 691 (1978). Under California Government Code § 815(a), these Defendants are liable for any and all wrongful acts in violation of state law hereinafter complained of and committed by any of these Defendants' employees acting within the course and scope of their employment.

25.     Presently, and at all times relevant to this complaint, Defendants County and LASD have been public entities within the meaning of Title II of the ADA and have received federal financial assistance within the meaning of the Rehabilitation Act, and state financial assistance within the meaning of Government Code Section 11135.

26.     Defendant Leroy Baca is the Sheriff of Los Angeles County. He is an elected official of the County and responsible for oversight of Defendant LASD and implementation of its policy. Plaintiffs name Defendant Baca in his official capacity only.

27.     Defendant Michael D. Antonovich is a Supervisor of Los Angeles County. He is

1  an elected official of the County and responsible for oversight of the County and
2  implementation of its policy. Plaintiffs name Defendant Antonovich in his official
3  capacity only.

4  28.    Defendant Yvonne B. Burke is a Supervisor of Los Angeles County. She is an
5  elected official of the County and responsible for oversight of the County and
6  implementation of its policy. Plaintiffs name Defendant Burke in her official capacity
7  only.

8  29.    Defendant Don Knabe is a Supervisor of Los Angeles County. He is an elected
9  official of the County and responsible for oversight of the County and implementation of
10 its policy. Plaintiffs name Defendant Knabe in his official capacity only.

11 30.    Defendant Gloria Molina is a Supervisor of Los Angeles County. She is an
12 elected official of the County and responsible for oversight of the County and
13 implementation of its policy. Plaintiffs name Defendant Molina in her official capacity
14 only.

15 31.    Defendant Zev Yaroslavsky is a Supervisor of Los Angeles County. He is an
16 elected official of the County and responsible for oversight of the County and
17 implementation of its policy. Plaintiffs name Defendant Yaroslavsky in his official
18 capacity only.

19 32.    Plaintiffs are informed and believe and thereon allege that each defendant was
20 the agent and employee of every other defendant and was at all times acting within the
21 scope of such agency.

22 33.    Hereafter, references to Defendants shall be deemed to include all named
23 Defendants, unless otherwise indicated.

24 ## FACTS APPLICABLE TO ALL CLAIMS

25 34.    The Los Angeles County Jail system is the largest in the nation, processing
26 more than 180,000 people per year. The system is comprised of a number of facilities,
27 including Men's Central Jail, Twin Towers and the Inmate Reception Center which are
28 located in downtown Los Angeles, the North County Correctional Facility and Pitchess

1 Detention Center both located in Northern Los Angeles County, and the Central
2 Regional Detention Facility, located in Lynwood. The entire County jail system houses
3 approximately 19,000 people at any given time.

4    35.    Throughout the Los Angeles County Jail system there are significant problems
5 for people with disabilities with respect to classification, housing, access to programs
6 and services, and physical access barriers. Defendants systemically fail to effectively
7 evaluate the needs of people with disabilities within the jails, and to meet those needs
8 through appropriate accommodations and physical access.

9    36.    Systemic issues include, but are not limited to, failure to appropriately identify
10 people with disabilities in need of accommodations and services, resulting in
11 inappropriate placement and/or classification of people with disabilities; failure to
12 provide appropriate mobility aids, such as wheelchairs, walkers and crutches; failure to
13 accommodate the needs of people with disabilities, including by failing to establish
14 reliable methods for medication, medical supplies and other disability accommodations;
15 failure to modify policies and procedures for people with disabilities; failure to remove
16 multiple and pervasive architectural barriers throughout the jails; failure to allow people
17 with disabilities access to vocational, educational and other programs and services;
18 failure to provide safe and accessible transportation for people with disabilities; failure to
19 have an emergency and/or evacuation policy for people with disabilities; and failure to
20 provide an effective complaint procedure for disability related complaints.

21    37.    These violations result from a number of pervasive problems, including, but not
22 limited to the following:

23       a. There is no comprehensive set of policies or procedures for identifying
24          inmates with disabilities and determining appropriate accommodations,
25          modifications or services for these individuals;

26       b. Housing and classification decisions are made based on stereotypes and
27          misconceptions, and in an extremely cursory manner, relying mainly on the
28          simplest and quickest observations by staff;

---

9

CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF

    c. This classification system results in, among other things, a failure to recognize that persons who do not rely exclusively on wheelchairs may have significant physical restrictions requiring accommodations;

    d. People who are identified as having disabilities are housed in segregated facilities that provide no access to the programs and services available in the L.A. County Jail system;

    e. People who are not identified as having disabilities, but who nevertheless have disabilities, are placed in units and are subject to procedures that fail to provide necessary accommodations and services;

    f. These facilities in which people identified as having disabilities are housed are often those with the poorest conditions, including broken plumbing, lack of any natural light and limited access to outdoor recreation, and are replete with myriad architectural barriers;

    g. Architectural barriers are also pervasive throughout the rest of the jail system. This includes a failure to make housing and programming accessible to people with disabilities, as well as a failure to provide emergency evacuation plans for people with disabilities.

38.    The above failings, in combination with erroneous assumptions about the capabilities and legal rights of people with disabilities, ensure that the entire population of people with disabilities has little to no access to the vast majority of programs and services of the L.A. County Jail System.

39.    This discrimination has a dramatic impact on people with disabilities within the jails as represented by the experiences of the named Plaintiffs in this matter.

40.    Plaintiff Peter Johnson has paraplegia. He has been in Los Angeles County jail since October of 2007. Plaintiff Johnson has had a number of disability related problems, including but not limited to denial of accommodations, physical access, mobility aids and access to programs at the jail.

41.    Upon entry into the jail system Plaintiff Johnson was brought into the IRC.

1  Plaintiff Johnson, who uses a wheelchair, was left in the IRC for approximately 8-10
2  hours despite the fact that there is no accessible bathroom in the IRC. As a result, he
3  soiled himself, and was left sitting in his own feces for approximately 6-8 hours.

4      42.    Plaintiff Johnson also could not use the drinking fountains or phones in the IRC
5  because they are not accessible. Plaintiff Johnson tried to use an inaccessible phone to
6  make a phone call by attempting to transfer to a bench next to the phone. However, he
7  fell off the bench and onto the floor in that attempt.

8      43.    At the IRC Plaintiff Johnson's wheelchair was taken away and replaced with a
9  jail issued chair. The jail wheelchair he was given had numerous problems. The
10  wheelchair made it difficult for Plaintiff Johnson to transfer to the toilet, and also lacked
11  footrests. As a result, Plaintiff Johnson's feet dragged on the floor. The wheelchair would
12  also flip forward if Plaintiff Johnson did not carefully maintain his balance.

13      44.    Approximately three weeks later the jail returned Plaintiff Johnson's original
14  chair to him but insisted on replacing the wheels with jail issued wheels. However, these
15  new wheels did not fit his wheelchair. As a result, on Plaintiff Johnson's next court trip
16  one of the wheels fell off and he fell out of the chair injuring himself.

17      45.    Since being assigned housing, Plaintiff Johnson has been housed in what is
18  referred to as the 8100 block at Men's Central Jail, which is the unit allegedly designated
19  for wheelchair users. This unit receives little, if any, outdoor exercise. In the nearly seven
20  months that Plaintiff Johnson has been in this unit, he has only been allowed outside for
21  exercise on two occasions that he can remember.

22      46.    Other than those two times that he went to the roof for exercise, the only time
23  that Plaintiff Johnson has been let outside is to go to court. Other than those events, and
24  Sunday visits to the jail chapel, Plaintiff Johnson remains in his jail cell twenty-four
25  hours per day seven days per week.

26      47.    Even though he is housed in the unit allegedly designated for wheelchair access,
27  Plaintiff Johnson faces a number of architectural barriers. In one cell, there was a lip at
28  the shower intended to keep water in the shower area. However, this lip also keeps

1   wheelchairs out. In attempting to maneuver over this barrier, Plaintiff Johnson fell and
2   hurt himself. In another cell, the grab bar at the toilet was broken, and Plaintiff Johnson
3   fell on multiple occasions attempting to use the toilet.

4       48.     Plaintiff Johnson also is not allowed to shower when he soils himself, which on
5   occasion happens when the jail food disagrees with his stomach. Even though he is
6   supposed to be allowed to shower more frequently, he often goes many days at a time
7   without a shower. Even after he has an accident deputies will not allow him to shower.
8   As a result, he must often sit in his own feces for many days at a time.

9       49.     Plaintiff Donald Peterson, a veteran of the United States military, has diabetes
10  and a significant mobility limitation. Plaintiff Peterson has no feeling in his right leg
11  going all the way up to his mid-torso. He also has chronic pain in his right arm such that
12  he cannot make a fist with his hand. The loss of mobility in his right side makes it
13  difficult for him to walk and balance unaided. He needs either crutches or a wheelchair
14  for mobility. Plaintiff Peterson has had a number of disability related problems, including
15  but not limited to denial of accommodations, physical access, mobility aids and
16  medication for his disability.

17      50.     Plaintiff Peterson has been in Los Angeles County jail for approximately four
18  months. When he first arrived at the jail he was provided a wheelchair and placed in the
19  8100 block. While on that floor, other than church on Sunday, he spent nearly all of his
20  time in his cell. He was never allowed to the roof for exercise, and never participated in
21  any vocational or educational programs.

22      51.     Approximately three months after his arrival, a deputy moved Plaintiff Peterson
23  to the 6050 unit, which is the unit at Men's Central Jail allegedly designated for people
24  with walkers or crutches. At that time his wheelchair was taken away and he was given a
25  walker. He had never used a walker before. As a result, he fell over when he tried to use
26  the walker.

27      52.     Despite his disability, Plaintiff Peterson was given a top bunk in the 6050 unit.
28  It was very difficult for him to get up and down from the top bunk. The deputies also

took away his catheter bag which Plaintiff Peterson used to urinate at night without getting out of bed. Without the catheter bag Plaintiff Peterson had either to get out of his top bunk or wet the bed. Plaintiff Peterson has fallen a number of times trying to get out of his top bunk when needing to go to the bathroom.

53.     After a few days in 6050 Plaintiff Peterson was moved again, this time to the general population. At that time the deputies took away his walker and he was not provided any other mobility aid. In general population he fell down three times and had to drag himself around and hold onto the walls when he attempted to move. After three days he was finally provided with a pair of crutches. After receiving the crutches he was moved back to 6050.

54.     Plaintiff Peterson also has no teeth, in part due to his diabetes, and does not have his dentures in the jail. He is supposed to be on a soft diet, meaning his food is mashed up, but he is only provided regular food. Plaintiff Peterson tries to make food soft enough by swishing it around with water in his mouth.

55.     Plaintiff Peterson takes medication to control his blood sugar levels as a result of his diabetes. This medication is not provided regularly at the jail, and has gone as many as three days without his medication. His blood sugar is also not regularly screened. In the approximately four months he has been in jail his blood sugar has been screened only approximately twelve times.

56.     Plaintiff Michael Curfman has partial paralysis and traumatic brain injury. He has significant difficulty with walking, balance and stability due to his disability. He has been in Los Angeles County jail since January of 2007, and has been at Men's Central Jail for approximately the last nine or ten months. Plaintiff Curfman has had a number of disability related problems, including but not limited to, denial of accommodations and mobility aids for his disability, and pervasive architectural barriers.

57.     Prior to residing at Men's Central, Plaintiff Curfman was at Twin Towers in the medical unit where he was provided a wheelchair for mobility. When he was moved to Men's Central Plaintiff Curfman's wheelchair was taken away despite his partial

1    paralysis and traumatic brain injury.

2    58.    Upon moving to Men's Central Plaintiff Curfman was initially denied the use of
3    any mobility aid, including a walker. This made standing or walking extremely difficult
4    for him. Even when he was eventually provided a walker, the walker had a broken tip
5    causing it to be extremely unsteady.

6    59.    The toilet in Plaintiff Curfman's unit has no grab bars for accessibility. As a
7    result, Plaintiff Curfman must attempt to steady himself by attempting to hold on to the
8    wall or the sink. Similarly, Plaintiff Curfman's shower has no grab bars. As a result, it is
9    very difficult for him to steady himself while taking a shower. On at least one occasion
10   he has fallen while showering.

11   60.    Plaintiff Curfman has asked for a wheelchair to assist in his mobility but has
12   been told that because he can stand he cannot have a wheelchair. Plaintiff Curfman, who
13   developed his disabilities shortly before being admitted to the jail, and who has now been
14   in jail for more than sixteen months, receives no physical therapy to improve his mobility
15   or his speech. As a result, he has attempted to learn how to walk and speak again on his
16   own.

17   61.    As a result of his disability Plaintiff Curfman has a hard time controlling his
18   bladder. Because of his bladder control problems, he has accidents in his bed but is not
19   allowed to replace his soiled sheets or soiled clothes. He is not allowed to shower if it is
20   not his turn. If he has an accident and soils himself he is still required to wait for his turn
21   to shower. As a result, he may wait for more than a day in his soiled clothes. He also
22   cannot get new sheets when his sheets are soiled. When he asks a deputy for a fresh set
23   of sheets to replace the soiled set he is told he cannot have any. He sometimes has to use
24   soiled sheets for almost a week before they are replaced.

25   62.    Plaintiff Curfman is only allowed out of his cell to shower. He has rarely been
26   permitted to go outside for exercise. The only program he has access to is a Friday visit
27   by a chaplain. Otherwise, he does not have any access to programs at the jail.

28   63.    The above examples demonstrate the pain, fear, humiliation and isolation that

1  people with disabilities experience within the Los Angeles County jail system. Indeed,
2  many people with disabilities find the conditions so intolerable that they are willing to
3  agree to a plea bargain, one that they otherwise may not have accepted, simply to leave
4  these conditions.

5  64.  Plaintiffs have filed administrative complaints with the Los Angeles County jail
6  and have exhausted procedures for such administrative complaints. Defendants have
7  been on notice about these conditions for a considerable amount of time, and have been
8  specifically on notice about the issues raised in this lawsuit for at least a year.

9  65.  Plaintiffs therefore seek injunctive relief requiring Defendants to ensure
10  compliance with the ADA and other laws prohibiting discrimination against individuals
11  with disabilities.

12                          **CLASS ACTION ALLEGATIONS**

13  66.  Plaintiffs bring this action individually, and on behalf of all inmates who are or
14  will be held within any and all Los Angeles County Jail facilities, as a class action under
15  Rule 23 of the Federal Rule of Civil Procedure.

16  67.  The class consists of all detainees and inmates with physical disabilities and
17  disabling medical conditions who because of those disabilities need appropriate
18  accommodations, modifications, services, and/or physical access in accordance with
19  federal and state disability laws.

20  68.  Plaintiffs and the class they represent are informed, believe, and thereon allege
21  that Defendants have failed and continue to fail to comply with the ADA and with the
22  Rehabilitation Act and analogous state statutes.

23  69.  Plaintiffs and the class they represent are informed, believe, and thereon allege
24  that Defendants have not adopted and do not enforce appropriate policies and procedures
25  to ensure that LASD is in compliance with these statutes to ensure nondiscrimination
26  against persons with disabilities and equal access to programs, services and activities for
27  persons with disabilities.

28  70.  Plaintiffs and the class they represent are informed, believe, and thereon allege

that Defendants have failed and continue to fail to provide LASD officers and employees with appropriate training regarding their legal obligations under relevant federal and state statutes.

71.     The violations of the ADA, the Rehabilitation Act and related federal and California State statues set forth in detail have injured all members of the proposed class and violated their rights.

72.     The requirements of Rule 23 of the Federal Rules of Civil Procedure are met with regard to the proposed class in that:

> a. The class is so numerous that it would be impractical to bring all class members before the Court;
>
> b. There are questions of law and fact which are common to the class;
>
> c. The named Plaintiffs' claims for declaratory and injunctive relief are typical of the claims of the class;
>
> d. The named Plaintiffs will fairly and adequately represent common class interests and are represented by counsel who are extremely experienced in law reform class actions and the disability rights issues in this case;
>
> e. Defendants have acted or refused to act on grounds generally applicable to the class;
>
> f. The questions of law and fact which are common to the class predominate over individual questions; and
>
> g. A class action is superior to other available means of resolving this controversy.

73.     The common questions of law and fact, shared by the named Plaintiffs and all class members, include:

> a. Whether Defendants are violating Title II of the ADA, 42 U.S.C. sections 12131, *et seq.*, by failing to make their programs, services and activities accessible to and useable by persons with disabilities, and otherwise discriminating against persons with disabilities, as set forth above;

b. Whether Defendants are violating Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*, by failing to make their programs, services and activities accessible to and useable by persons with disabilities, and otherwise discriminating against people with disabilities, as set forth above.

c. Whether Defendants are violating California Government Code Section 11135 (a), which prohibits denial of benefits to persons with disabilities of any program or activity that is funded directly by the state or receives any financial assistance from the state.

d. Whether Defendants are violating California Civil Code §51 *et seq.*, by failing to provide full and equal access to people with disabilities.

e. Whether Defendants are violating California Civil Code §54 *et seq.*, by failing to provide full and equal access to persons with disabilities.

f. Whether Defendants are violating California Government Code §4450, *et seq.*, by failing to provide full and equal access to persons with disabilities.

g. Whether Defendants are violating the Eighth Amendment to the U.S. Constitution as a result of the conditions of confinement.

h. Whether Defendants are violating the Fourteenth Amendment to the U.S. Constitution as a result of the conditions of confinement.

74. The class is believed to be so numerous that joinder of all members is impracticable. On information and belief, more than one thousand individuals with physical disabilities or disabling medical conditions are currently detained or confined in the Los Angeles County Jail System. The inmate population within the Los Angeles Jail System changes constantly and therefore not all class members can be specifically identified.

75. Plaintiffs contemplate the eventual issuance of notice to the proposed class members that would set forth the subject and nature of the instant action. Defendants' records may be used for assistance in the preparation of such notices. To the extent that any further notices may be required, Plaintiffs contemplate the use of additional media

and/or mailings.

## FIRST CLAIM FOR RELIEF
### The Americans with Disabilities Act
### 42 U.S.C. §12101 *et seq.*

76.     Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

77.     Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms of discrimination continue to be a "serious and pervasive social problem." 42 U.S.C. § 12101(a) (2).

78.     In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b) (1)-(2).

79.     Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.

80.     The ADA requires public entries to ensure that their programs, services and activities are accessible to and useable by detainees and inmates with disabilities.

81.     At all times relevant to this action, Defendants were each a "public entity" within the meaning of Title II of the ADA and provided a program, service or activity to the general public.

82.     At all times relevant to this action, Plaintiffs are qualified individuals within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of the defendants. 42 U.S.C. § 12131.

83.     Title II of the ADA prohibits a public entity from discriminating against a

1    qualified individual with a disability on the basis of a disability. 42 U.S.C. § 12132.

2        84.    Defendants have excluded plaintiffs from participation in the services, programs

3    and activities of the Los Angeles County Jail facilities, and have denied them the rights and

4    benefits accorded to other inmates, solely by reason of their disabilities in violation of the

5    ADA. In addition, the defendants have violated the ADA by failing or refusing to provide

6    plaintiffs with reasonable accommodations and other services related to their disabilities.

7    *See generally* 28 C.F.R. § 35.130.

8        85.    Defendants are mandated to operate each program, service, or activity "so that,

9    when viewed in its entirety, it is readily accessible to and useable by individuals with

10   disabilities." 28 C.F.R. §§ 35.150; *see also* 28 C.F.R. §§35.149 & 35.151. Defendants

11   continue to violate the ADA by maintaining inaccessible facilities that deny people with

12   disabilities access to programs, services and activities.

13       86.    Plaintiffs are informed, believe and thereon allege that Defendants and their

14   agents and employees have failed and continue to fail to:

15            a. Provide necessary accommodations, modifications, services and/or physical

16               access necessary to enable inmates with disabilities to participate on an equal

17               basis in programs, services and activities.

18            b. Develop and enforce procedures for the Los Angeles Sheriff Department to

19               ensure provision of necessary accommodations, modifications, services

20               and/or physical access necessary to enable inmates with disabilities to

21               participate on an equal basis in programs, services and activities.

22            c. Train and supervise the jail personnel to provide necessary accommodations,

23               modifications, services and/or physical access necessary to enable inmates

24               with disabilities to participate on an equal basis in programs, services and

25               activities.

26       87.    Pursuant to the ADA's implementing regulations, specifically 38 C.F.R.

27   150(d)(1), Defendants were required to develop a written plan setting forth the steps

28   necessary to ensure that the Los Angeles County Jail facilities are in compliance with the

**CLASS ACTION COMPLAINT FOR INJUNCTIVE RELIEF**

1  ADA's mandates.  On information and belief, Defendants have not prepared a self-
2  evaluation and a transition plan that is compliant with the ADA.

3      88.    As a direct and proximate result of the aforementioned acts, Plaintiffs have
4  suffered, and continue to suffer humiliation, hardship and anxiety, as well as
5  deteriorating physical conditions, due to Defendants' failures to address
6  accommodations, modifications, services and access required for Plaintiffs' disabilities.

7      89.    Because Defendants' discriminatory conduct is ongoing, declaratory and
8  injunctive relief are appropriate remedies. Moreover, as a result of Defendants' actions,
9  Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate.

10     90.    Pursuant to 42 U.S.C. § 12133, Plaintiffs are entitled to declaratory and
11  injunctive relief as well as reasonable attorneys' fees and costs incurred in bringing this
12  action.

13                        **SECOND CLAIM FOR RELIEF**
14                    **Section 504 of the Rehabilitation Act**
15                         **29 U.S.C. § 794 *et seq.***

16     91.    Plaintiffs incorporate by reference each and every allegation contained in the
17  foregoing paragraphs.

18     92.    Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o
19  otherwise qualified individual with a disability . . . shall, solely by reason of her or his
20  disability, be excluded from the participation in, be denied the benefits of, or be
21  subjected to discrimination under any program or activity receiving federal financial
22  assistance . . ." 29 U.S.C. § 794.

23     93.    Each Plaintiff is at all times relevant herein a qualified individual with a
24  disability within the meaning of the Rehabilitation Act because they have a physical
25  impairment that substantially limits one or more of their major life activities.  29 U.S.C.
26  § 705(20) (B).

27     94.    Plaintiffs are otherwise qualified to participate in the services, programs, or
28  activities that are provided to inmates at the Los Angeles County Jail facilities. *See* 29

1  U.S.C. § 794 (b).

2  95.    At all times relevant to this action Defendants were recipients of federal funding
3  within the meaning of the Rehabilitation Act. As recipients of federal funds, they are
4  required to reasonably accommodate inmates with disabilities in their facilities, program
5  activities, and services. It further requires the Defendants to modify their facilities,
6  services, and programs as necessary to accomplish this purpose.

7  96.    Through their acts and omissions described herein, Defendants have violated
8  the Rehabilitation Act by excluding Plaintiffs from participation in, denying Plaintiffs
9  the benefits of, and subjecting Plaintiffs to discrimination in the benefits and services
10 Defendants provides to the detainees and inmates without disabilities.

11 97.    Plaintiffs are informed, believe, and based thereon allege that Defendants
12 committed the acts and omissions alleged herein with intent and/or reckless disregard of
13 the rights of Plaintiffs. It is also alleged that the defendants have violated the Act by
14 providing substandard accommodations or refusing to provide plaintiffs with reasonable
15 accommodations for their disabilities.

16 98.    Pursuant to the Rehabilitation Act's implementing regulations, specifically, 28
17 C.F.R. 42.521, the Defendants were required to make any structural changes necessary to
18 render the programs and activities in existing Los Angeles County Jail facilities accessible
19 to persons with disabilities as expeditiously as possible. As part of that process, the
20 Defendants were required to develop a written plan setting forth the steps necessary to
21 complete such changes. Defendants have failed to develop a written plan and failed to
22 abide by the implementing regulations under the Rehabilitation Act.

23 99.    As a direct and proximate result of the aforementioned acts, Plaintiffs suffered
24 and continue to suffer humiliation, hardship, anxiety as well as deteriorating physical
25 conditions due to Defendants failures to address accommodations, modifications,
26 services and access required for their disabilities.

27 100.   Because Defendants' discriminatory conduct is ongoing, declaratory and
28 injunctive reliefs are appropriate remedies. Moreover, as a result of Defendants' actions

1    Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate.

2    101.   Pursuant to 29 U.S.C. § 794(a) Plaintiffs are entitled to declaratory and

3    injunctive relief and to recover from Defendants the reasonable attorneys' fees and costs

4    incurred in bringing this action.

5                          **THIRD CLAIM FOR RELIEF**

6                      **California Government Code § 11135**

7    102.   Plaintiffs incorporate by reference each and every allegation contained in the

8    foregoing paragraphs.

9    103.   Section 11135(a) of the California Government Code provides in pertinent part:

10   "No person in the State of California shall, on the basis of . . . disability, be unlawfully

11   denied the benefits of, or be unlawfully subjected to discrimination under, any program

12   or activity that is funded directly by the state or receives any financial assistance from the

13   state."

14   104.   At all times relevant to this action, LASD was an agency of Defendant County.

15   At all times relevant to this action, the LASD and County, received financial assistance

16   from the State of California.

17   105.   Through their acts and omissions described herein, Defendants have violated

18   and continue to violate California Government Code § 11135 by unlawfully denying

19   Plaintiffs the benefits of, and unlawfully subjecting Plaintiffs to discrimination under,

20   Defendants' programs and activities.

21   106.   As a direct and proximate result of the aforementioned acts, Plaintiffs have

22   suffered, and continue to suffer humiliation, hardship and anxiety, as well as

23   deteriorating physical conditions, due to Defendants' failures to address

24   accommodations, modifications, services and access required for Plaintiffs' disabilities.

25   107.   Because Defendants' discriminatory conduct is ongoing, declaratory and

26   injunctive relief are appropriate remedies. Moreover, as a result of Defendants' actions

27   Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate.

28   Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

## FOURTH CLAIM FOR RELIEF
### Unruh Civil Rights Act
### California Civil Code § 51 *et seq.*

108.  Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

109.  Through the acts and omissions described herein, Defendants have violated California Civil Code § 51(b) which provides in pertinent part that "All persons within the jurisdiction of this state are free and equal, and no matter what their...disability or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever."

110.  Pursuant to California Civil Code § 51(f), a violation of the ADA also constitutes a violation of California Civil Code §51 *et seq.*

111.  The Los Angeles County Jail system is a "business establishment" within the meaning of California Civil Code §51 *et seq.*

112.  Through the acts and omissions described herein, Defendants are violating California Civil Code § 51 *et seq.* by denying Plaintiffs full and equal access to its program comparable to the access that it offers to others.

113.  As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer, humiliation, hardship and anxiety, as well as deteriorating physical conditions, due to Defendants' failures to address accommodations, modifications, services and access required for Plaintiffs' disabilities.

114.  Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive reliefs are appropriate remedies. Moreover, as a result of Defendants' actions Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate. Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

/ / /

/ / /

## FIFTH CLAIM FOR RELIEF

### Blind and Other Physically Disabled Persons Act

### California Civil Code § 54 *et seq.*

115.   Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

116.   Through the acts and omissions described herein, Defendants are violating California Civil Code § 54 which states that "[i]ndividuals with disabilities or medical conditions have the same rights as the general public to the full and free use of public services."

117.   Under California Civil Code § 54(c), a violation of the ADA also constitutes a violation of California Civil Code §§ 54 *et seq.*

118.   Plaintiffs are persons with disabilities within the meaning of California Civil Code § 54(b) (1) and California Government Code § 12926.

119.   The County and the LASD provide public services, within the meaning of California Civil Code §§ 54 *et seq.*

120.   By failing to provide accommodations, modifications, services and physical access to the detainees and inmates with disabilities, Defendants are violating California Civil Code § 54, by denying detainees and inmates full access to the jail programs, services and activities.

121.   As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer, humiliation, hardship and anxiety, as well as deteriorating physical conditions, due to Defendants' failures to address accommodations, modifications, services and access required for Plaintiffs' disabilities.

122.   Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive reliefs are appropriate remedies. Moreover, as a result of Defendants' actions Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate. Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

## SIXTH CLAIM FOR RELIEF
### California Government Code § 4450, *et seq.*

123. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

124. Defendants' facilities are publicly funded and intended for use by the public within the meaning of California Government Code § 4450, *et seq.* Defendants have constructed, altered, installed, maintained and/or operated its facilities in violation of disability access requirements under California Government Code § 4450, *et seq.*, and regulations implemented pursuant thereto. The aforementioned acts and omissions of the Defendants constitute a denial of equal access to and use of Defendants' facilities.

125. Defendants' failure to provide full and equal access to their facilities has caused Plaintiffs to suffer deprivation of their civil rights.

126. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer, humiliation, hardship and anxiety, as well as deteriorating physical conditions, due to Defendants' failures to address accommodations, modifications, services and access required for Plaintiffs' disabilities.

127. Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive reliefs are appropriate remedies. Moreover, as a result of Defendants' actions Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate. Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

## SEVENTH CLAIM FOR RELIEF
### Eighth Amendment to the U.S. Constitution
### 42 U.S.C. § 1983

128. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

129. 42 U.S.C. § 1983 provides a remedy for constitutional violations and violations of federal statutes, where the violations are committed under color of State law.

130. Defendants are also liable for its failure to train its employees, creating § 1983

liability where the failure to train amounts to deliberate indifference to the rights of inmates with whom those employees are likely to come into contact.

131. The Defendants have acted in reckless disregard for the serious needs of the inmates, constituting willful violations of the Eighth Amendment to the Constitution of the United States, by imposing cruel and unusual punishments on the inmates.

132. All Defendants have engaged in discriminatory acts and practices constituting willful violations of the Rehabilitation Act of 1973 and the Americans with Disabilities Act.

133. As a direct and proximate result of the aforementioned acts, Plaintiffs have suffered, and continue to suffer humiliation, hardship and anxiety, as well as deteriorating physical conditions, due to Defendants' failures to address accommodations, modifications, services and access required for Plaintiffs' disabilities.

134. Because Defendants' discriminatory conduct is ongoing, declaratory and injunctive relief are appropriate remedies. Moreover, as a result of Defendants' actions Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate. Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

## EIGHTH CLAIM FOR RELIEF

### Fourteenth Amendment to the U.S. Constitution

### 42 U.S.C. § 1983

135. Plaintiffs incorporate by reference each and every allegation contained in the foregoing paragraphs.

136. Detainees' rights arise under the Due Process Clause of the Fourteenth Amendment.

137. The Equal Protection Clause of the Fourteenth Amendment mandates that Defendants shall not deny to any person within its jurisdiction the equal protection of the laws.

138. Defendants' failure to provide for sufficient training regarding detainees with disabilities, as well as its failure to implement other procedures to safeguard the disability

1 rights of the detainees, amounts to deliberate indifference to their rights.

2     139. As a direct and proximate result of the aforementioned acts, Plaintiffs have
3 suffered, and continue to suffer humiliation, hardship and anxiety, as well as
4 deteriorating physical conditions due to Defendants' failures to address accommodations,
5 modifications, services and access required for Plaintiffs' disabilities.

6     140. Because Defendants' discriminatory conduct is ongoing, declaratory and
7 injunctive reliefs are appropriate remedies. Moreover, as a result of Defendants' actions
8 Plaintiffs are suffering irreparable harm, and thus immediate relief is appropriate.
9 Plaintiffs are also entitled to reasonable attorneys' fees and costs in filing this action.

10 / / /
11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request judgment as follows:

1. A declaration that Defendants' conduct as alleged herein has violated, and continues to violate, Title II of the Americans with Disabilities Act; Section 504 of the Rehabilitation Act of 1973; California Government Code §§ 11135 and 4450; California Civil Code §§ 51 and 54; and the Eighth and Fourteenth Amendments to the U.S. Constitution;

2. Preliminarily and permanently enjoin Defendants from violating the Americans with Disabilities Act; Section 504 of the Rehabilitation Act of 1973; California Government Code §§ 11135 and 4450; California Civil Code §§ 51 and 54; and the Eighth and Fourteenth Amendments to the U.S. Constitution;

3. Retain jurisdiction of this case until Defendants have fully complied with the orders of this Court, and there is a reasonable assurance that Defendants will continue to comply in the future, absent continuing jurisdiction;

4. Award Plaintiffs' attorneys' fees and costs, as provided by statute; and

5. Such other relief as the Court finds just and proper.

DATED: May 29, 2008

Respectfully Submitted,

DISABILITY RIGHTS LEGAL CENTER

ACLU FOUNDATION OF SOUTHERN CALIFORNIA

HADSELL, STORMER, KEENY, RICHARDSON & RENICK LLP

HELLER EHRMAN LLP

By: Shawna Parks /HCE
Shawna L. Parks
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Philip S. Gutierrez and the assigned discovery Magistrate Judge is Jennifer T. Lum.

The case number on all documents filed with the Court should read as follows:

## CV08- 3515 PSG (JTLx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

Paula D. Pearlman, Shawna L. Parks, Tiffany A. Green
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, CA 90015
Telephone: 213-736-1031     Additional attorneys listed on Attachment to Summons

ORIGINAL

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| PETER JOHNSON, DONALD PETERSON, and MICHAEL CURFMAN, on behalf of themselves and all others similarly situated | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | CV08-03515 PSG JEM |
| v. | |
| LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LEROY BACA, as Sheriff of the County of Los Angeles, and COUNTY OF LOS ANGELES, a public entity, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles     DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):     LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LEROY BACA, as Sheriff of the County of Los Angeles, and COUNTY OF LOS ANGELES, a public entity, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, __DISABILITY RIGHTS LEGAL CENTER__, whose address is __919 Albany Street, Los Angeles, CA  90015_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.


Clerk, U.S. District Court

Dated: ___MAY 2 9 2008___

By: _Natalie Longoria_
Deputy Clerk

*(Seal of the Court)*


*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*


CV-01A (12/07)                                    **SUMMONS**

## ATTACHMENT TO SUMMONS

1

2

3

4   Mark Rosenbaum    (State Bar No. 59940)
    mrosenbaum@aclu-sc.org

5   Melinda Bird        (State Bar No. 102236)
    mbird@aclu-sc.org

6   ACLU FOUNDATION OF SOUTHERN CALIFORNIA
    1616 Beverly Boulevard

7   Los Angeles, California 90026

8   Tel: (213) 977-9500 Fax: (213) 250-3980

9   Dan Stormer  (State Bar No. 101967)
    dstormer@hskrr.com

10  C. Virginia Keeny    (State Bar No. 139568)

11  vkeeny@hskrr.com
    Lauren Teukolsky (State Bar No. 211381)

12  lauren@hskrr.com

13  Cornelia Dai (State Bar No. 207435)
    cdai@hskrr.com

14  Hadsell, Stormer, Keeny, Richardson & Renick, LLP

15  128 N. Fair Oaks Avenue, Suite 204
    Pasadena, California 91103

16  Tel: (626) 585-9600; Fax: (626) 577-7079

17  John C. Ulin (State Bar No. 165524)

18  john.ulin@hellerehrman.com
    Helen Cho Eckert (State Bar No. 240531)

19  helen.eckert@hellerehrman.com
    Amanda N. Walker (State Bar No. 252380)

20  amanda.walker@hellerehrman.com

21  HELLER EHRMAN LLP
    333 South Hope Street

22  39th Floor

23  Los Angeles, CA 90071-1406
    Tel: (213) 689-0200

24  Fax: (213) 614-1868

25

26

27  LA 444455 v1

28

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)

PETER JOHNSON, DONALD PETERSON, and MICHAEL CURFMAN, on behalf of themselves and all others similarly situated

**DEFENDANTS** LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LEROY BACA, as Sheriff of the County of Los Angeles, and COUNTY OF LOS ANGELES, a public entity, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as Supervisors of the County of Los Angeles

**(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
LOS ANGELES

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):
LOS ANGELES

**(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Paula D. Pearlman, Shawna L. Parks, Tiffany A. Green
DISABILITY RIGHTS LEGAL CENTER, 919 Albany Street
Los Angeles, CA 90015  Telephone: 213-736 1031
Additional attorneys listed on Attachment to Civil Cover Sheet

Attorneys (If Known)
Paul Beach
Lawrence Beach Allen & Choi PC
100 West Broadway, Suite 1200
Glendale, CA 91210-1219

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. Section 12131 et seq; 29 U.S.C. Section 794 et seq; Cal. Govt. Code Section 11135, et seq; Cal. Civ. Code Sections 51 and 54 et seq; Cal. Govt. Code Section 4450 et seq; 42 U.S.C. Section 1983.  Unlawful discrimination on basis of disability.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | | | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 362 Personal Injury- Med Malpractice | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☑ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**  Case Number: _____

CV-71 (07/05)                                    CIVIL COVER SHEET                                    Page 1 of 2

CV08-03515

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(b).  RELATED CASES: Have any cases been previously filed that are related to the present case? ☐ No  ☑ Yes

If yes, list case number(s):  CV 75-04111 DDP

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☑ A.  Arise from the same or closely related transactions, happenings, or events; or

☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX.  VENUE: List the California County, or State if other than California, in which EACH named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
Peter Johnson        - Los Angeles County
Donald Peterson    - Los Angeles County
Michael Curfman  - Los Angeles County

List the California County, or State if other than California, in which EACH named defendant resides. (Use an additional sheet if necessary).
☐ Check here if the U.S. government, its agencies or employees is a named defendant.
Los Angeles County Sheriff's Department - Los Angeles County; Leroy Baca - Los Angeles County; County of Los Angeles - Los Angeles County;
Michael D. Antonovich - Los Angeles County; Yvonne B. Burke - Los Angeles County; Don Knabe - Los Angeles County; Gloria Molina - Los
Angeles County; Zev Yaroslavsky - Los Angeles County

List the California County, or  State if other than California, in which EACH claim arose. (Use an additional sheet if necessary)
Note: In land condemnation cases, use the location of the tract of land involved.
LOS ANGELES COUNTY

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____      Date _____ May 2_, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings
or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not
filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions
sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18. Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

CV-71 (07/05)                                    CIVIL COVER SHEET

# ATTACHMENT TO CIVIL COVER SHEET

1
2
3
4  Mark Rosenbaum    (State Bar No. 59940)
   mrosenbaum@aclu-sc.org
5  Melinda Bird        (State Bar No. 102236)
   mbird@aclu-sc.org
6  ACLU FOUNDATION OF SOUTHERN CALIFORNIA
7  1616 Beverly Boulevard
   Los Angeles, California 90026
8  Tel: (213) 977-9500 Fax: (213) 250-3980

9  Dan Stormer  (State Bar No. 101967)
10 dstormer@hskrr.com
   C. Virginia Keeny    (State Bar No. 139568)
11 vkeeny@hskrr.com
   Lauren Teukolsky (State Bar No. 211381)
12 lauren@hskrr.com
13 Cornelia Dai (State Bar No. 207435)
   cdai@hskrr.com
14 Hadsell, Stormer, Keeny, Richardson & Renick, LLP
15 128 N. Fair Oaks Avenue, Suite 204
   Pasadena, California 91103
16 Tel: (626) 585-9600; Fax: (626) 577-7079

17 John C. Ulin (State Bar No. 165524)
18 john.ulin@hellerehrman.com
   Helen Cho Eckert (State Bar No. 240531)
19 helen.eckert@hellerehrman.com
   Amanda N. Walker (State Bar No. 252380)
20 amanda.walker@hellerehrman.com
21 HELLER EHRMAN LLP
   333 South Hope Street
22 39th Floor
23 Los Angeles, CA 90071-1406
   Tel: (213) 689-0200
24 Fax: (213) 614-1868

25
26
27
   LA 444109 v1
28