Dan Stormer, Esq. [S.B. #101967]
dstormer@hskrr.com
Virginia Keeny, Esq. [S.B. #139568]
vkeeny@hskrr.com
Lauren Teukolsky, Esq. [S.B. #211381]
lauren@hskrr.com
HADSELL STORMER KEENY
RICHARDSON & RENICK LLP
128 North Fair Oaks Avenue
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Facsimile: (626) 577-7079

Mark Rosenbaum, Esq. [S.B. #59940]
mrosenbaum@aclu-sc.org
Melinda Bird, Esq. [S.B. #102236]
mbird@aclu-sc.org
ACLU FOUNDATION OF SOUTHERN CALIFORNIA
1616 Beverly Boulevard
Los Angeles, California 90026
Telephone: (213) 977-9500
Facsimile: (213) 250-3980

Attorneys for Plaintiffs (continued on next page)

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

PETER JOHNSON, DONALD PETERSON, and MICHAEL CURFMAN, on behalf of themselves and all others similarly situated,

Plaintiffs,

vs.

LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LEROY BACA, as Sheriff of the County of Los Angeles, and COUNTY OF LOS ANGELES, a public entity, MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY, as supervisors of the County of Los Angeles,

Defendants.

Case No.: CV 08-03515 DDP (JTLx)

**DECLARATION OF SHAWNA PARKS IN SUPPORT OF MOTION FOR CLASS CERTIFICATION AND MOTION FOR PRELIMINARY INJUNCTION**

Date: June 30, 2008
Time: 10:00 a.m.

(continued from previous page)
Paula D. Pearlman, Esq. [S.B. #109038]
paula.pearlman@lls.edu
Shawna L. Parks, Esq. [S.B. #208301]
shawna.parks@lls.edu
Tiffany A. Green, Esq. [S.B. #243573]
tiffany.green@lls.edu
DISABILITY RIGHTS LEGAL CENTER
919 Albany Street
Los Angeles, California 90015
Telephone: (213) 736-1031
Facsimile: (213) 736-1428

John C. Ulin, Esq. [S.B. #165524]
john.ulin@hellerehrman.com
Helen Cho Eckert. Esq. [S.B. #240531]
helen.eckert@hellerherman.com
Amanda N. Walker [S.B. #252380]
amanda.walker@hellerehrman.com
HELLER EHRMAN LLP
333 South Hope Street, 39th Floor
Los Angeles, California 90071-1406

**DECLARATION OF SHAWNA L. PARKS**

I, Shawna L. Parks, declare as follows:

1. I am a member of the Bar of the State of California and the Director of Litigation at the Disability Rights Legal Center (formerly Western Law Center for Disability Rights) ("DRLC"), 919 Albany Street, Los Angeles, California, co-counsel for the plaintiffs and the class they purport to represent in the above-captioned action. The facts contained in this declaration are true of my own personal knowledge. If called to testify to these facts, I could and would do so competently.

**DISABILITY RIGHTS LEGAL CENTER AND EXPERIENCE OF COUNSEL**

2. DRLC is a thirty year old organization whose mission is to promote the rights of people with disabilities and the public interest in and awareness of those rights by providing legal and related services. DRLC accomplishes this mission through several programs, including the Cancer Legal Resource Center (a joint program with Loyola Law School), Education Advocacy Project, Options Counseling, Lawyer Referral Service, and Civil Rights Litigation Project. DRLC, which is housed on the Loyola Law School Campus in Los Angeles, also runs an externship program through the law school.

3. DRLC has been and is class counsel on several settled and ongoing class actions in federal and California state courts. Examples of class actions for which we are or have been class counsel include *Jackson v. California State University San Bernardino*, Case No. ED CV 05-1110VAP (JCRx) (C.D. Cal.) (2007) (settled class action on behalf of all students with disabilities at CSUSB regarding systemic failure to provide accommodations and physical access on campus, resulting in nearly $12 million worth of improvements on campus); *Goldkorn v. San Bernardino County Superior Courts*, Case No. ED CV 06-00707 VAP (OPx) (C.D. Cal.) (ongoing putative class action addressing systemic physical access barriers throughout the San Bernardino County Superior Courts); *Lauderdale v. Long Beach Police Department*, Case No. CV 08-979 ABC (JWJx) (C.D. Cal.) (ongoing putative class action addressing failure to provide effective communication for people who are deaf or hard of hearing by Long Beach Police Department); *Valenzuela v. County*

*of Los Angeles*, Case No. CV 02-9092 ABC (JWJx) (C.D. Cal.) (2007) (settled class action addressing failure to provide effective communication for people who are deaf and hard of hearing in field and jail settings by Los Angeles County Sheriff's Department); *Munoz v. CalTrans, CHP*, Case No. C 05-01525 (JSW) (N.D. Cal.) (2007) (settled statewide class action addressing failure to ensure effective communication for people who are deaf or hard of hearing on emergency call boxes); *Doe 2 v. County of San Bernardino*, Case No. EDCV 02-962 SGL (C.D. Cal.) (2006) (settled class action addressing services to youth with disabilities in San Bernardino juvenile hall); *Miles v. County of Los Angles*, Case No. CV-02-03932 DT (JTLx) (C.D. Cal) (2006) (settled class action addressing failure to provide physical access for people with disabilities in Los Angeles County Superior Court system); *Rodde, et al v. Bonta et al.*, Case No. CV 03-1580 FMC (PJWx) (C.D. Cal) (2006) (settled class action stopping the closure of Rancho Los Amigos Rehabilitation Hospital); *Diamond v. Los Angeles Police Department*, Case No. CV-00-11110 ABC (AIJx) (C.D. Cal.) (settled class action addressing failure to provide effective communication for people who are deaf and hard of hearing by Los Angeles Police Department); and *Flores et al v. Los Angeles County Metropolitan Transit Auth. et al*, Case No. 00-12188 CBM (BQRx) (C.D. Cal.) (settled class action addressing pattern and practice of failure to provide services by Access Paratransit System).

4.   DRLC also regularly files amicus briefs in state and federal courts, and is involved in policy-making activities on behalf of persons with disabilities both statewide and nationally.  Recent examples of DRLC's appellate and amicus efforts include *Figueroa v. Gonzales*, Case No. 06-72620 (9th Cir. 2007) (amicus brief addressing provision of accommodations to people with significant mental health conditions during deportation proceedings); and *United States v. AMC Theaters*, Case No. 06-55390 (9th Cir. 2007) (amicus brief addressing whether a district court within Ninth Circuit can issue a nation wide injunction based on an interpretation of the Americans with Disabilities Act on which the Fifth Circuit has reached a directly contrary result).

5.   I, and the other attorneys of the DRLC, also have extensive expertise in the

substantive areas of disability rights and special education law.

6. Attached hereto as Exhibit A is a true and correct copy of my current resume. As the Director of Litigation, I supervise litigation and complex case management in both state and federal court, including complex discovery, law and motion, trial preparation, settlement negotiations, and media relations. Some additional examples of my work at DRLC include *Woods v. Alexandria Housing Partners*, Case No. 07-08262 MMM (JWJx) (C.D. Cal.) (case addressing failure to provide reasonable accommodations and habitable living conditions for low income tenants with disabilities in city redevelopment project; preliminary injunction issued ordering defendants to provide accommodations, habitable living conditions and relocation benefits, including for evicted tenants); *Kneeshaw v. San Diego Zoological Society*, Case No. 05-CV-2127-IEG (POR) (S.D. Cal.) (successfully settled case ending discriminatory zoo entrance requirements for people who use scooters and wheelchairs); *Park v. Anaheim Unified School District,* 464 F.3d 1025 (9th Cir. 2006) (successful petition for rehearing resulting in change of panel decision and clarification in standards for whether plaintiff is prevailing party under Individuals with Disabilities in Education Act); and *Keith H. v. Department of Children and Family Services*, Case No. CV04-9273 SJO (RCx) (C.D. Cal) (case of first impression regarding foster child regarded as disabled and placed in special education in a nonpublic school; resulted in changed policies and practices in DCFS's relationships to school districts).

7. Prior to my work at DRLC I was, *inter alia*, a staff attorney and Equal Justice Works Fellow at Disability Rights Advocates ("DRA") in Oakland, California. At DRA I worked on a wide range of high impact cases regarding the rights of persons with disabilities. Some examples of cases I have worked on include *Barden v. Sacramento,* 292 F.3d 1073 (9th Cir. 2002) (case of first impression regarding physical access to public sidewalks); *DCARA v. SFO*, Case No. C-02-1844 MEJ (EDL) (N.D. Cal) (communication access at San Francisco International Airport); *Farrell v. Harper,* No. R6 03079344 (Alameda County Sup. Ct.) (provision of services to youth with disabilities in California Youth Authority); and rulemaking proceeding 01-05-047 at the CPUC during energy

crisis (representing needs of consumers on life support and with compromised immune systems who were on medical baseline energy program, and addressing elimination of barriers to that program, focusing on low income and non English speaking populations).

8.  In addition to my litigation responsibilities, I supervise more than 25 law student externs annually and teach a litigation seminar regarding litigation skills and disability rights, as well as work with pro bono attorneys and other co-counsel. I also co-teach the Disability Rights and Special Education law class at Loyola Law School, where I am an Adjunct Professor.

9.  I am personally aware of the qualifications of the other lawyers staffing this case.

10.  Paula Pearlman is the Executive Director of the DRLC and regularly consults on this litigation.  Attached hereto as Exhibit B is a true and correct copy of Ms. Pearlman's Resume.

11.  Ms. Pearlman is an Adjunct Professor of Law at Loyola Law School, has practiced law for twenty-five years, and has expertise in class action litigation and complex litigation.

12.  She also has extensive expertise in disability rights law, including the area of special education law.  Ms. Pearlman has been actively involved in a number of cases identified above, including, but not limited to, being co-lead plaintiffs' counsel on *Rodde, et al. v. Bonta*, CV03-1580 FMC (PJWx); *Doe 2 v. County of San Bernardino*, Case No. EDCV 02-962 SGL; and *Miles v. County of Los Angles*, Case No. CV-02-03932 DT (JTLx).

13.  Ms. Pearlman is currently a member of the California Commission on Access to Justice, Federal Courts Committee (2007); Co-Chair elect, Lawyer Representatives, Central District, Ninth Circuit Judicial Conference (2008-2009); and a Lawyer Representative, Central District, Ninth Circuit Judicial Conference (2006-present).  She has also been a member of the U.S. Access Board, Courthouse Access Advisory Committee (2004 - 2006), a member of the California State Bar Standing Committee for

the Delivery of Legal Services (SCDLS) (2004 - 2007), Chair, Moderate Means Subcommittee, (2005-2007), and is currently a member of the Los Angeles County Bar Association, Juvenile Courts Task Force Committee Member (2006-2008).

14. Ms. Pearlman has received the Public Justice Foundation, Trial Lawyer of the Year Finalist for her work on the case *John Doe2 v. County of San Bernardino, et al.* July 2007, and was a Recipient of the Attorney Award of Merit from the Legal Aid Association of California in April 2007. She was also named "Top 75 Women Litigators" by Daily Journal, June 2006.

15. Tiffany A. Green is a Litigation Attorney with the Civil Rights Litigation Project of the Disability Rights Legal Center. Ms. Green's practice focuses on high-impact cases affecting the rights of people with disabilities, including cases involving effective communication, physical access and accommodations, and the rights of people with disabilities in detention facilities. Ms. Green is a 2005 graduate of University of California, Los Angeles. Attached hereto as Exhibit C is a true and correct copy of Ms. Greens' resume.

16. All of Plaintiffs' counsel maintain sufficient resources and expertise to maintain this action, and all of Plaintiffs' counsel are prepared to commit the time and resources to competently and successfully resolve this action.

**NOTICE TO COUNTY AND SHERIFF'S DEPARTMENT REGARDING VIOLATIONS ALLEGED IN THIS LAWSUIT**

17. The DRLC, as well as other organizations involved in the disability community originally raised with Defendants the significant violations at issue in this case more than a year ago. On April 13, 2007, the DRLC, the ACLU, and Protection & Advocacy, Inc. (an additional disability rights organization) sent a letter to the Sheriff's Department requesting a meeting on these issues. A true and correct copy of this letter is attached hereto as Exhibit D.

18. Our organizations subsequently met with representatives of the County and Sheriff's Department to discuss violations of the rights of inmates with disabilities on May

14, 2007. During that meeting we provided the Sheriff's Department information on the nature of the complaints our offices were receiving from people with disabilities in the jail and the illegal conditions we had identified within the jail system. A true and correct copy of the memo distributed at that meeting is attached hereto as Exhibit E.

19. After this meeting, my office submitted a California Public Records Request to the Sheriff's Department on August 6, 2007. A true and correct copy of the California Public Records Request is attached hereto as Exhibit F. In our Public Records Request we requested, *inter alia,* self-evaluation and transition plans prepared pursuant to the ADA and Section 504 of the Rehabilitation Act for the jails system, and policies and procedures to ensure accessibility and accommodations for people with disabilities, including physical disabilities and medical conditions.

20. We received approximately 250 pages on October 1, 2007. I have reviewed the Declaration of Logan Hopper filed in connection with these motions and can state based on my review that Exhibit C to his declaration contains a true and correct copy of the LASD response to our California Public Records Request. Included in this response was the County of Los Angeles Program Access Report/Preliminary Accommodations Draft, dated January 1, 2000, which is referenced in Mr. Hopper's report. The dates for target implementation and actual implementation are left blank. Also included was a document entitled the LASD-ADA Barrier Transition Plan, dated August 30, 1998, and an ADA Compliance review from 2005. The 2005 Compliance review notes, among other things, that the County's 1998 transition plan fails to include inmate areas at the Men's Central and Twin Towers complex.

21. In the documents from the Sheriff's Department we received very limited policies and procedures related to the issues in this case. This included, *inter alia,* one page in policies and procedures for Twin Towers, with the most recent revision date of October, 6, 1998, and two pages for Men's Central Jail regarding the provision of and use of wheelchair with the most recent revision date of December 27, 2006.

22. After our May 2007 meeting and receipt of the Sheriff's Department's records,

we negotiated for and reached an agreement with the Sheriff's Department that allowed our expert, Logan Hopper, to tour the jail facilities. In exchange for this access we agreed to provide Mr. Hopper's report to the Sheriff's Department. We attempted to negotiate such an agreement because of our ongoing concern about these issues and as a result of the lack of response by the Sheriff's Department to the issues raised in our May meeting.

23. The agreement to allow access for Mr. Hopper took substantial time and effort to negotiate. Attached hereto as Exhibit H is a true and correct copy of a letter from DRLC to County Counsel regarding attempts to arrange this site inspection, dated October 15, 2007. We reached a final agreement with the County regarding this arrangement in early November of 2007.

24. Pursuant to this agreement, my office and the ACLU spent three days in late November and early December 2007 inspecting the jail facilities with Mr. Hopper in an attempt to obtain and provide to the County a more systemic picture of the violations. Representatives of the County and/or Sheriff's Department accompanied us throughout these inspections. Prior to his inspection of the facilities, my office provided to Mr. Hopper the documents received pursuant to our public records act request to the Sheriff's Department.

25. Mr. Hopper's findings, encompassed in his report, confirmed the existence of multiple problems that we had previously identified for the Sheriff's Department, and identified a number of violations of the fundamental rights of people with disabilities within the Los Angeles County jail system. My office provided Mr. Hopper's report to the Sheriff's Department and County on March 17, 2008 with a demand for relief. A true and correct copy of this letter is attached hereto as Exhibit I.

/ / /

/ / /

/ / /

/ / /

/ / /

26. Although we continued to discuss these matters at length with the County and Sheriff's Department after providing the report, we have been unable to obtain any agreement to date regarding concrete relief for these very serious issues. See, e.g., Letter from Lauren Teukolsky of Hadsell Stormer Keeny Richardson & Renick to Paul Beach, dated May 22, 2008, a true and correct copy of which is attached hereto as Exhibit J.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 6th day of June 2008 in Los Angeles, California.

SHAWNA L. PARKS