O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER JOHNSON, DONALD PETERSON and MICHAEL CURFMAN, on behalf of themselves and all others similarly situated,<br><br>           Plaintiffs,<br><br>   v.<br><br>LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, a public entity; LEROY BACA, as Sheriff of the County of Los Angeles and COUNTY OF LOS ANGELES, a public entity; ~~MICHAEL D. ANTONOVICH, YVONNE B. BURKE, DON KNABE, GLORIA MOLINA, ZEV YAROSLAVSKY as Supervisors of the County of Los Angeles~~,<br><br>           Defendants. | Case No. CV 08-03515 DDP (SHx)<br><br>**ORDER DENYING APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>[Application for Temporary Restraining Order filed on 5/5/11 - docket number 143] |

## I. Background

Presently before the court is plaintiff Terry Alexander ("Alexander")'s Application for a Temporary Restraining Order ("TRO"). At the time he filed for TRO, Alexander was incarcerated in the Los Angeles Jail. (Declaration of Terry Alexander ¶¶ 2-3).

Alexander claims to have been confined to a wheelchair since 2003. (Alexander Dec. ¶ 5). Alexander alleges that Los Angeles Sheriff's Department repeatedly attempted to "declassify" him (as disabled) and remove him from his wheelchair. (Alexander Dec. ¶¶ 19, 21-22). Alexander refused to give up his wheelchair, and was disciplined with a restricted diet and solitary confinement. (Alexander Dec. ¶¶ 26, 28).

At the time he filed for a TRO, Alexander had been in solitary confinement for approximately three weeks. (Alexander Dec. ¶ 29). Alexander alleges that defendants are discriminating against him on the basis of his disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131, and Section 504 of the Rehabilitation Act, 28 U.S.C. § 794(a). (Application for Temporary Restraining Order at 10). Alexander now seeks a TRO ordering his immediate release from solitary confinement and forty-eight hours pre-disciplinary notice to Plaintiffs' counsel with respect to all Plaintiffs.

**II. Discussion**

A temporary restraining order is meant to be used only in extraordinary circumstances. To establish entitlement to a TRO, the requesting party must show (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. <u>Winter v. Natural Res. Defense Counsel</u>, 129 S.Ct. 365, 374 (2008). In the Ninth Circuit, a TRO may be warranted where a party (1) shows a combination of probable success on the merits and the possibility of irreparable harm, or (2) raises serious questions

2

and the balance of hardships tips in favor of a TRO. See Arcamuzi v. Continental Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. Under both formulations, however, the party must demonstrate a "fair chance of success on the merits" and a "significant threat of irreparable injury."[1] Id.

As an initial matter, Plaintiff Alexander is no longer in Defendants' custody, thus mooting his application for relief.[2] That issue notwithstanding, a TRO is not warranted because Alexander cannot demonstrate the requisite likelihood of success on the merits or risk of irreparable harm. Alexander has provided evidence that he did at some point require the use of a wheelchair. (Declaration of Terry Hill, M.D. ¶ 10)[3]. Other, more recent evidence in the record, however, indicates that Alexander is capable of walking. (Declaration of Nina Zasorin, M.D. ¶ 8). A highly qualified physician tracked Alexander's medical condition for six months and conducted blood tests, neurological examinations, and multiple spinal taps before concluding that

---

[1] Even under the "serious interests" sliding scale test, a plaintiff must satisfy the four Winter factors and demonstrate "that there is a likelihood of irreparable injury and that the injunction is in the public interest." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

[2] It appears that Alexander was transferred to state custody on May 9, 2011, four days after filing his application for a TRO.

[3] Alexander has not attached any of the medical records upon which Dr. Terry Hill's opinion are purportedly based. It does not appear to the court that Dr. Hill reviewed any records generated during Alexander's most recent incarceration.

3

Alexander does not have a mobility impairment.[4]  (Zasorin Dec. ¶¶ 9, 10, 12).

**III. Conclusion**

Having failed to demonstrate that he is disabled, Alexander cannot show a likelihood of success on his ADA or Rehabilitation Act claims or a danger of irreparable harm stemming from violations of those statutes.  Accordingly, the Application for a Temporary Restraining Order is DENIED.  Defendants' request for sanctions is DENIED.

IT IS SO ORDERED.


Dated: May 12, 2011

DEAN D. PREGERSON
United States District Judge

---

[4] Alexander's application for a TRO refers to threats that named plaintiff Derrick White is also in danger of being disciplined for refusal to leave his wheelchair.  As with plaintiff Alexander, however, physical examinations support the conclusion that plaintiff White is not paralyzed or mobility impaired (Zasorin Dec. ¶¶ 13-15).

4